## Roy Adair v. The State.

### No. 5927.   Decided November 17 1920.

### Rehearing Granted December 8, 1920.

**1.—Aggravated Assault—Serious Bodily Injury—Insufficiency of the Evidence.**

Where, upon trial of aggravated assault by premeditated design, and by the use of means calculated to inflict serious bodily injury, there was no evidence of any serious bodily injury, and the evidence was otherwise insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

**2.—Same—Complaint—Information.**

The complaint is a prerequisite for prosecution of a misdemeanor in the County Court; however, the bills showing on motion for rehearing that the complaint was inadvertently omitted from the record, the dismissal is set aside and the judgment reversed and the cause remanded for want of sufficient testimony to support the conviction.

Appeal from the County Court of Parker. Tried below before the Honorable E. A. Swofford.

Appeal from a conviction of aggravated assault; penalty, a fine of $125.

The opinion states the case.

*Mays & Mays,* for appellant.—On question of the insufficiency of the evidence: Little v. State, 61 Texas Crim. Rep., 197; Calvert v. State, 170 S. W. Rep., 744.

*Alvin M. Owsley,* Assistant Attorney General, for the State. Cited: Keley v. State, 12 Texas Crim. App., 245; Hodges v. State, 166 S. W. Rep., 512.

DAVIDSON, Presiding Judge.—Appellant was convicted under an information charging him with aggravated assault by premeditated design and by the use of means calculated to inflict serious bodily injury.

There was much testimony introduced, mainly to show the premeditation on the part of appellant in attacking a man named Holly. It may be conceded that he did attack Holly premeditatedly and on purpose, and struck him twice with his left hand or fist on the jaw. The first time he knocked Holly down, and the second time he struck him before he got fairly straightened up and again knocked him down. This is the case made by the state.   Holly testified that he was not injured otherwise than as stated.   There was no abrasion of the skin, that he did not call for a physician or go to bed, nor did he have to quit his business, and in fact it did not interfere with him further

than as stated. There was no claim that there was any serious bodily or great bodily injury. The testimony excludes every character of assault except with the hand or fist as stated. Under the authorities this would not constitute an aggravated assault, for which he was convicted and given a fine of $125 and thirty days in jail. The evidence does not support this conviction. This is said in view of another trial. There is another question which must reverse and dismiss this prosecution. The record does not contain a complaint. It does contain an information. The complaint is a prerequisite for a prosecution for misdemeanor, in the County Court in cases of this character. This has been decided so often that it is unnecessary to cite authorities. It is stated in the brief that the case was in fact tried without a complaint in the County Court, and that the prosecution was carried on only upon an information. This is fatal to this conviction. The judgment for this reason is reversed and the prosecution dismissed.

*Dismissed.*

### ON REHEARING.

DAVIDSON, PRESIDING JUDGE.—The judgment herein was reversed and dismissed on a previous day of the term because the record failed to contain the necessary complaint as a basis for the information. In the State's motion for rehearing it is shown that the complaint was omitted from the record, that in fact there was a complaint upon which the information was predicated. Under this view we hold now that the motion should be granted and that part of the opinion modified. As presented the prosecution will not be dismissed. We took occasion to say in the former opinion that the evidence did not support the conviction for aggravated assault. We are still of the opinion that this view of the case is correct. The judgment now will be modified so as to reverse and remand the case and not reverse and dismiss.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*